IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARE INVESTMENT TRUST, INC.,<br><br>Plaintiff,<br><br>-v.-<br><br>JEAN-CLAUDE SAADA, *et al.*,<br><br>Defendants. | No. 3:09-cv-02256-K |
| JEAN-CLAUDE SAADA, *et al.*,<br><br>Counterclaim Plaintiffs,<br><br>-v.-<br><br>CARE INVESTMENT TRUST, INC., *et al.*,<br><br>Counterclaim and Third-Party Defendants. | |

### MOTION TO DISMISS COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Care Investment Trust, Inc. ("Care") and the Third-Party Defendants (collectively, "Care Parties") hereby request that the Court dismiss the Counterclaims and Third-Party Complaint ("Counterclaims") brought by Jean-Claude Saada and the other Counterclaim Plaintiffs ("Saada Parties"). As explained in greater detail in the accompanying Memorandum of Law, the Counterclaims fail to state a claim upon which relief may be granted, and should be dismissed for the following reasons (among others).

*First*, Counterclaims Six through Nine—which seek declaratory judgments—fail as a matter of law because they assert contractual interpretations that are plainly contradicted by

express and unambiguous contractual provisions and otherwise defy reason. Counterclaim Six asserts that the Saada Parties have the right to block *any* transfer of any ownership interest *in* Care or *of* Care, which is a publicly traded corporation with hundreds of shareholders. This unreasonable reading ignores the plain language of the pertinent Agreements and seeks to implant terms from a different contract that actually disprove the Saada Parties' interpretation. Counterclaim Seven asserts that the Saada Parties are entitled to distribution rights equal to Care's shareholders; but the cited contract explicitly *withholds* shareholder rights from the Saada Parties, and specifically limits their distributions sums equivalent to *regular*, *quarterly* dividends, which are different from the distributions at issue in this case. Counterclaim Eight posits that the Saada Parties are entitled to cease making certain payments to Care's indirect subsidiary, ERC Sub, L.P., if Care discontinues its "joint venture" with them. This misapprehends the effect of a sale or liquidation of Care, and also assumes the existence of a "joint venture" that is *not* referenced in the contracts at issue. Finally, Counterclaim Nine, based on "information and belief," would prohibit Care from dissolving ERC Sub, L.P. or certain of the Saada Parties. Because Care has never asserted this right, Counterclaim Nine is not ripe and must be dismissed.

*Second*, Counterclaims One through Four for breach of fiduciary and good-faith duties fail as a matter of law because the cited contracts did not give rise to any duties to refrain from the alleged conduct. Counterclaims One and Two allege breach of fiduciary and good-faith duties arising out of ERC Sub, L.P.'s membership in several limited partnerships. Because ERC Sub, L.P. was a *limited*, *non-managing* partner that was contractually *prohibited* from managing the businesses, it did not owe such duties as a matter of law. Counterclaims Three and Four seek to impose duties of good faith and fair dealing based on an Option Agreement and a Purchase Agreement. The Option Agreement cannot give rise to such a duty because it is not recognized

under Texas law.  Further, New York law, which governs the Purchase Agreement, provides that the duty of good faith and fair dealing cannot *add* obligations to a contract, but all of the obligations asserted by the Saada Parties are extraneous to the parties' agreements.

*Third*, Counterclaim Five for fraudulent inducement is barred by merger and integration clauses in *all* of the pertinent contracts that nullify the necessary element of reasonable reliance as a matter of law.

*Fourth*, Counterclaim Ten fails to state a cause of action against ERC Sub, L.P. for indemnification because the contractual indemnity provision does not apply to ERC Sub, L.P. and also expressly excludes the conduct alleged by Care.

*Finally*, Counterclaim Eleven fails to satisfy the requirements for a constructive trust because the Saada Parties cannot state a cause of action for fraud, and because Care is not in possession of funds or property wrongly obtained from the Saada Parties.

Accordingly, for the reasons sets forth in greater detail in the accompanying Memorandum of Law, the Care Parties respectfully request that the Court enter an order dismissing the Counterclaims and Third-Party Complaint in their entirety and with prejudice.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Ernest E. Figari, Jr. |
| Bobby R. Burchfield (*pro hac vice*) | Ernest E. Figari, Jr. |
| Jason A. Levine (*pro hac vice*) | Texas Bar No. 06983000 |
| McDERMOTT WILL & EMERY LLP | FIGARI & DAVENPORT, L.L.P. |
| 600 Thirteenth Street, N.W. | 3400 Bank of America Plaza |
| Washington, D.C. 20005-3096 | 901 Main Street, Suite 3400 |
| Tel.  202.756.8000 | Dallas, Texas 75202-3796 |
| Fax. 202.756.8087 | Tel.  214.939.2000 |
|  | Fax  214.939.2090 |
|  | |
|  | *Attorneys for Plaintiff and Counterclaim Defendant Care Investment Trust, Inc.; and for Third-Party Defendants CIT Healthcare, LLC; Flint D.* |
| Dated:  March 5, 2010 | *Besecker; ERC Sub, L.P.; and ERC Sub, LLC* |

**CERTIFICATE OF SERVICE**

I, Lance V. Clack, hereby certify that on this day I caused a true and correct copy of the foregoing Motion to Dismiss Counterclaims and Third-Party Complaint to be served upon all counsel named below by Electronic Case Filing using the CM/ECF system, which will send automatic notification of the filing to the following:

Richard A. Rosen
James L. Brochin
PAUL WEISS RIFKIND
    WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, N.Y. 10019

Robert M. Cohan
William D. Ellerman
JACKSON WALKER L.L.P.
NationsBank Plaza
901 Main Street, Suite 6000
Dallas, TX 75202

*Attorneys for Defendants and Counterclaim Plaintiffs Jean-Claude Saada; Cambridge Onalp, Inc.; Cambridge Nassau Bay GP LLC; 6000 Greenville, Inc.; Allen MOP, Inc.; 5280 Medical Drive, Inc.; Cambridge Gorbutt MOB, Inc.; Cambridge Tarrant, Inc.; CHMP Manager, LLC; Cambridge B/R, Inc.; Cambridge-Greenville Dallas, LLC; PMC Cambridge of Plano, Ltd.; Cambridge-Crown Atrium LLC; and Cambridge North Texas Holdings, LLC*

Dated: March 5, 2010            /s/ Lance V. Clack
                                Lance V. Clack