IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARE INVESTMENT TRUST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JEAN-CLAUDE SAADA, et al., | § | |
| | § | |
| Defendants. | § | Civil Action No. |
| | § | |
| | § | 3:09-CV-02256-K |
| JEAN-CLAUDE SAADA, et al., | § | |
| | § | |
| Counterclaim Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CARE INVESTMENT TRUST, INC., et al., | § | |
| | § | |
| Counterclaim and Third-Party Defendants. | § | |

## AGREED CONFIDENTIALITY ORDER

This matter having come before the Court on joint stipulation of (1) Plaintiff and Counterclaim Defendant Care Investment Trust Inc. and Third Party Defendants CIT Healthcare LLC, Flint D. Besecker, ERC Sub LP and ERC Sub LLC (the "Care Parties") and (2) Defendants and Counterclaim Plaintiffs Jean-Claude Saada, Cambridge Gorbutt MOB, Inc., Cambridge Tarrant, Inc., CHMP Manager, LLC, Cambridge B/R, Inc., Cambridge-Greenville Dallas, LLC, PMC Cambridge of Plano, Ltd., Cambridge-Crown Atrium LLC, Cambridge North Texas Holdings, LLC, Cambridge Onalp, Inc., Cambridge

Nassau Bay GP LLC, 6000 Greenville, Inc., Allen MOB, Inc., and 5280 Medical Drive, Inc. (the "Saada Parties"), for a Discovery Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c);

IT IS, hereby **ORDERED** as follows:

1.      Confidential Designation. Any party or third party subject to production in/for this case may designate in writing and/or stamp as "CONFIDENTIAL" any document or part thereof, or any deposition testimony, that such party, in good faith, considers to contain confidential, proprietary, or personal information ("Confidential Information"). If a document or information is designated as Confidential Information, it shall be stamped CONFIDENTIAL. If a party or person inadvertently fails to designate Confidential Information as CONFIDENTIAL, it shall be treated as confidential from the time when the party or person advises counsel of record, in writing, of such designation. Any party that has produced documents prior to entry of this Order may retroactively designate materials as CONFIDENTIAL within 10 business days from the entry of this Order. The parties shall treat as confidential any and all such documents produced prior to entry of this Order until such time as the producing party designates specific documents as CONFIDENTIAL, from which point only designated documents shall be treated as confidential. Parties may also redact from any document any Confidential Information that is not relevant to the claims and defenses in the litigation while producing the remainder of the document.

2.      Disclosure of Confidential Information. Information designated as "CONFIDENTIAL" may be disclosed only to: (a) counsel for the parties in this litigation, and to the attorneys, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; and (b) the parties to this case, including any officers of any corporate party. Any person or party receiving Confidential Information may use Confidential Information only for purposes of this litigation and shall not use or disclose Confidential Information for any other purpose.

3.      Expert Witnesses. Counsel of record for the respective parties shall also have the right to provide Confidential Information protected by this Order to any expert witnesses retained for purposes of this litigation. However, before receiving any Confidential Information, each such expert witness must be advised of the terms of this Order, agree in writing to be bound thereby, and sign a non-disclosure agreement in the form attached hereto as Exhibit "A." The counsel who imparts such Confidential Information shall retain copies of these non-disclosure agreements and provide copies to all other counsel expeditiously.

4.      Depositions. During a deposition in this litigation, a non-party deponent may be shown, and be examined about, Confidential Information. However, before receiving any Confidential Information, such non-party deponents must be advised of the terms of this Order, agree in writing to be bound thereby, and sign a non-disclosure

agreement in the form attached as Exhibit "A."

5.      Attorney's Eyes Only Designation. Any party or third party subject to document production in/for this case may designate and stamp any document or part hereto, or any deposition testimony, as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if, and only if, that party (a) has a good faith belief that the document contains or constitutes confidential, proprietary, and/or commercially sensitive information; and (b) believes in good faith that the disclosure of such information would place the producing party at a serious competitive or other disadvantage that warrants such restrictive designation. Documents and information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used only for purposes of the litigation and shall not be used for any other purpose whatsoever. It is the expectation of the parties that this designation shall be used sparingly. The provisions of Paragraph 1 of this Order shall apply equally to the designation and/or stamping of documents as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."   Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

6.      Disclosure of Attorneys' Eyes Only Information. Any facts or information contained in a document marked CONFIDENTIAL - ATTORNEYS' EYES ONLY, or

any documents derived therefrom, shall be disclosed only to the following persons:

a.      legal counsel in this litigation and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

b.      expert witnesses retained by or on behalf of any of the parties or counsel for the parties hereto whose review of the information is, in good faith, reasonably necessary to assist in the prosecution or defense or trial of the litigation. However, before receiving any information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY, such expert witnesses must be advised of the terms of this Order, agree in writing to be bound thereby, and sign a non-disclosure agreement in the form attached as Exhibit "A." The counsel who imparts information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY shall provide copies of these non-disclosure agreements to counsel for the disclosing party and shall retain copies of these written agreements until such time as counsel shall make and deliver the certification of compliance set forth in paragraph ten (10) below;

c.      third party witnesses or deponents who previously were a recipient or author of information designated as CONFIDENTIAL -

ATTORNEYS' EYES ONLY and their counsel during the course of providing testimony in or for the litigation. However, before receiving any information designated as CONFIDENTIAL - ATTORNEYS' EYES ONLY such non-party deponents and their counsel must be advised of the terms of this order, agree in writing to be bound thereby, and sign a non-disclosure agreement in the form attached as Exhibit "A;" and

d.      stenographic reporters who are involved in depositions, the trial, or any hearings or proceedings before the Court in the litigation.

7.      Declassification. A party may apply to the Court for a ruling that a document (or category of documents) or testimony designated under this Order is not entitled to such status and protection. The party or other person that designated the document or testimony as confidential shall be given at least ten (10) business days prior notice of the application and opportunity to respond. The burden of proof shall be on the party who requested that the document be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." It is the expectation of the parties that this declassification procedure shall be used sparingly.

8.      Privileged Material. The inadvertent production of materials subject to the attorney-client privilege or work product protection ("Privileged Materials") shall not be deemed a waiver or impairment of any claim of attorney-client privilege or work product

- 6 -

protection, provided that the party that produced the Privileged Materials notifies the receiving party-in writing within ten calendar days after the inadvertent production is discovered-that the materials are Privileged Materials. A party that discovers it has received materials designated as, or that appear by their plain terms to be, subject to the attorney-client privilege or work product protection shall immediately notify the producing party of the production and inquire whether the production of the materials was inadvertent. Within ten calendar days of that notification, the producing party must notify the receiving party in writing whether the production was inadvertent. If the producing party does not respond within ten calendar days, the producing party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten-day period, counsel for the receiving party shall retain all copies of the materials and shall not analyze, reference, or otherwise use the materials. Upon receiving timely written notice that Privileged Materials were inadvertently produced, the receiving party shall not analyze, reference, or otherwise use the inadvertently produced Privileged Materials or information or knowledge gained exclusively from the Privileged Materials. To the extent possible, the receiving party shall destroy all copies, versions or forms of such material, including image files maintained on database servers. The receiving party shall also destroy any analyses, memoranda, or notes concerning the inadvertently produced Privileged Materials or which use the information or knowledge gained exclusively from the Privileged Materials.

9.     No Waiver of Privilege.  This Order and a party's compliance with the protocol set forth herein shall not be construed as a waiver by a party of its rights to object to an assertion of attorney-client privilege or work product protection.  A party objecting to an assertion of attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution of the litigation.

10.     Filing of Confidential Information. If quotes from or references to any information protected by this Order are to be included in papers filed or otherwise disclosed to the Court after the entry of this Order, such papers shall be labeled "CONFIDENTIAL" and the party filing such papers shall file them under seal pursuant to the Local Civil Rule 79.3(b) of the United States District Court for the Northern District of Texas.

11.     Confidential Information at Trial. The parties shall confer with respect to the procedures for handling confidential information at trial in the course of their final pre-trial preparations and the Court may enter orders for the handling of such confidential information at trial.

12.     Conclusion of Case. At the conclusion of the litigation, all information protected by this Order and all copies of same (other than exhibits of record) shall be returned to the party, counsel, or person which produced such documents or information, or destroyed. All counsel of record shall make certification of compliance

- 8 -

herewith and shall deliver the same to counsel of the party who produced the documents not more than thirty (30) days after final termination of the litigation.

13.    Modification and Non-Waiver. Nothing in this Order shall prevent any party, counsel, or other person from seeking modification or from objecting to discovery that it believes to be otherwise improper. The form of this Order shall be subject to modification by a judge or magistrate judge at any time.

14.    Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of information protected by this Order.

**SO ORDERED**

Signed June 15th, 2010

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

Submitted:

By:    /s/ Ernest E. Figari
       Ernest E. Figari, Jr.
       Texas Bar No. 06983000
       E-mail: ernest.figari@figdav.com
       FIGARI & DAVENPORT, LLP
       3400 Bank of America Plaza
       901 Main Street, Suite 3400
       Dallas, Texas 75202-3796
       Telephone: (214) 939-2000
       Facsimile:  (214) 939-2090

By:    /s/ Bobby R. Burchfield
       Bobby R. Burchfield (*pro hac vice*)
       E-mail: bburchfield@mwe.com
       Jason A. Levine (*pro hac vice*)
       E-mail: jlevine@mwe.com
       McDERMOTT WILL & EMERY LLP
       600 Thirteenth Street, N.W.
       Washington, D.C. 20005-3096
       Telephone: (202) 756-8000
       Facsimile:  (202) 756-8087

*Attorneys for Plaintiff and Counterclaim Defendant Care Investment Trust, Inc. and for Third-Party Defendants CIT Healthcare, LLC; Flint D. Besecker; ERC Sub, LP; and ERC Sub, LLC*

By:    /s/ Robert M. Cohan
       Robert M. Cohan
       Texas Bar No. 04506600
       Email: bcohan@jw.com
       William D. Ellerman
       Texas Bar No. 24007151
       Email: wellerman@jw.com
       JACKSON WALKER LLP
       901 Main Street, Suite 6000
       Dallas, Texas 75202
       Telephone: (214) 953-6000
       Facsimile:  (214) 953-5822

By:    /s/ Richard A. Rosen
       Richard A. Rosen (*pro hac vice*)
       E-mail: rrosen@paulweiss.com
       James L. Brochin (*pro hac vice*)
       E-mail: jbrochin@paulweiss.com
       PAUL, WEISS, RIFKIND,
         WHARTON & GARRISON LLP
       1285 Avenue of the Americas
       New York, New York 10019-6064
       Telephone: (212) 373-3000
       Facsimile:  (212) 757-3990

*Attorneys for Defendants and Counterclaim Plaintiffs Jean-Claude Saada, Cambridge Onalp Inc., Cambridge Nassau Bay GP LLC, 6000 Greenville Inc., Allen MOB Inc., 5280 Medical Drive Inc., Cambridge Gorbutt MOB Inc., Cambridge Tarrant Inc., CHMP Manager LLC, Cambridge B/R Inc., Cambridge-Greenville Dallas LLC, PMC Cambridge of Plano Ltd., Cambridge Crown Atrium LLC and Cambridge North Texas Holdings LLC*

- 10 -

EXHIBIT "A"

I hereby acknowledge that I will be receiving CONFIDENTIAL INFORMATION pursuant to the terms of a Protective Order dated the _____ day of _____, 2009 entered in the matter captioned _____. I have been given a copy of, and have read and understand, the Protective Order. I understand that (a) all such CONFIDENTIAL INFORMATION may only be used in connection with this litigation; and (b) such CONFIDENTIAL INFORMATION and any copies thereof are to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such CONFIDENTIAL INFORMATION. I also agree not to disseminate, disclose to anyone, or use any CONFIDENTIAL INFORMATION or information derived from such CONFIDENTIAL INFORMATION, except as expressly permitted by the Agreement. I further understand that violation by me of the terms hereof may be regarded as a breach of the Protective Order and may subject me to personal liability.

_____

Dated: _____