# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CARE INVESTMENT TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEAN-CLAUDE SAADA; CAMBRIDGE ONALP, INC.; CAMBRIDGE NASSAU BAY GP LLC; 6000 GREENVILLE, INC.; ALLEN MOB, INC.; 5280 MEDICAL DRIVE, INC.; CAMBRIDGE GORBUTT MOB, INC.; CAMBRIDGE TARRANT, INC.; CHMP MANAGER, LLC; CAMBRIDGE B/R, INC.; CAMBRIDGE-GREENVILLE DALLAS, LLC; PMC CAMBRIDGE OF PLANO, LTD; CAMBRIDGE-CROWN ATRIUM LLC; and CAMBRIDGE NORTH TEXAS HOLDINGS, LLC, <br><br> Defendants. | No. 3:09-cv-02256-K <br><br> **DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE ANSWER, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT** |
| JEAN-CLAUDE SAADA; CAMBRIDGE ONALP, INC.; CAMBRIDGE NASSAU BAY GP LLC; 6000 GREENVILLE, INC.; ALLEN MOB, INC.; 5280 MEDICAL DRIVE, INC.; CAMBRIDGE GORBUTT MOB, INC.; CAMBRIDGE TARRANT, INC.; CHMP MANAGER, LLC; CAMBRIDGE B/R, INC.; CAMBRIDGE-GREENVILLE DALLAS, LLC; PMC CAMBRIDGE OF PLANO, LTD; CAMBRIDGE-CROWN ATRIUM LLC; and CAMBRIDGE NORTH TEXAS HOLDINGS, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> CARE INVESTMENT TRUST, INC.; CIT HEALTHCARE, LLC; FLINT D. BESECKER; ERC SUB, LP; and ERC SUB, LLC, <br><br> Counterclaim and Third Party Defendants. | |

Defendants and Counterclaim Plaintiffs ("Cambridge") respectfully submit this memorandum of law in reply to Plaintiff and Counterclaim Defendants' (the "Care Parties") opposition to Cambridge's motion to amend their Answer, Counterclaims, and Third Party Complaint.

**INTRODUCTION**

On October 12, 2009, after months of negotiation, Jean-Claude Saada, President and CEO of Cambridge, and Kirk Gorman, Chairman of the Board of Directors of Care Investment Trust, Inc. ("Care") reached a definitive and binding agreement on all material terms of a transaction for Cambridge to reacquire equity interests in limited liability partnerships transferred to the Care Parties in December 2007. Cambridge seeks leave to amend its answer to add an additional counterclaim to enforce that agreement.

Courts have made clear that motions for leave to amend should be granted absent a substantial reason. The Care Parties have failed to show such a reason here, because none exists. Cambridge has set forth sufficient factual allegations to state a claim for specific performance of the Equity Interest Purchase Agreement ("EIPA"). As a result, its counterclaim is far from futile. The Care Parties have also failed to show that the amendment is unjustifiably delayed. Cambridge moved to amend its counterclaims on May 28, 2010, well before the Court's June 21, 2010 deadline to file motions to amend the pleadings and before a single deposition had taken place. Finally, the Care Parties have failed to show that any undue prejudice would result from the amendment. Both parties have only begun the discovery process and no new requests would be necessary. Indeed, existing discovery requests already include the transaction in question. Further,

the Court's Scheduling Order establishes a fact discovery deadline of December 8, 2010—nearly five and a half months away.

Under the liberal standard for leave to amend that is set out in the Federal Rules, justice requires leave be granted for Cambridge's amendment.

## ARGUMENT

The Fifth Circuit has recognized that "Rule 15(a) evinces a bias in favor of granting leave to amend," and that denial of leave absent a "substantial reason" is beyond the trial court's discretion. *Rolf* v. *City of San Antonio,* 77 F.3d 823, 828-29 (5th Cir. 1996). No such reason exists here. A Court should not deny leave to amend unless: (1) the proposed amendment is futile; (2) there is undue delay, bad faith, or dilatory motive on the part of the movant; or (3) there is undue prejudice to the opposing party. *See Inclusive Cmtys. Project, Inc.* v. *U.S. Dept. of Housing and Urban Dev.*, No. 3:07-cv-0945-0, 2009 WL 3446232, at *1 (N.D. Tex. Oct. 26, 2009). None of these grounds exists here.

**I.     The Care Parties Have Failed To Make a Showing of Futility.**

A proposed amendment will be considered futile only where it fails to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). *Stripling* v. *Jordan Prod. Co.,* 234 F.3d 863, 872-73 (5th Cir. 2000). Rule 12(b)(6) must be interpreted in conjunction with Rule 8(a), which sets forth the pleading standard for a claim for relief in federal court. *See Tesi* v. *Chase Home Fin., LLC*, No. 4:10-cv-272-Y, 2010 WL 2293177, at *3 (N.D. Tex. June 7, 2010). Rule 8 does not require "heightened fact pleading of specifics," *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007), or "detailed factual allegations." *Ashcroft* v. *Iqbal*, 129 S.Ct. 1937, 1949 (2009). The

plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Cambridge's proposed amendment easily meets the relevant standard.

### A. Cambridge's Amended Counterclaim is Not Futile Because the Agreement Between Cambridge and the Care Parties for the Sale of Partnership Interests is Not Subject to the Statute of Frauds.

The Care Parties simply assume—without authority—that the EIPA constitutes a sale of interests in real property barred by the Statute of Frauds. On the contrary, Care and Cambridge entered into an agreement for the purchase of equity interests in limited partnerships—a transaction to which the Statute of Frauds is inapplicable. The EIPA makes clear that the "[p]arties have agreed to enter into this Agreement to set forth the terms and conditions upon which Seller would sell, and Buyer would buy, the *Seller Equity Interests*." (emphasis added). The Statute of Frauds does not encompass an agreement for the sale of equity interests in a partnership, and thus the agreement reached between Mr. Saada and Mr. Gorman is not subject to a writing requirement.

An equity interest in a partnership—even if that partnership holds real property—does not constitute an interest in real property subject to the Statute of Frauds under New York law. *See Barash* v. *Estate of Sperlin*, 706 N.Y.S.2d 439, 440 (N.Y. App. Div. 2000) (holding that an oral agreement to form a partnership or a joint venture to deal in real property is not subject to the Statute of Frauds "because the interest of each partner or joint venturer is deemed 'personalty'"). It follows that the purchase of an equity interest in a partnership is not subject to the writing requirement of the Statute of Frauds. *See, e.g.*, *Walsh* v. *Rechler*, 542 N.Y.S.2d 262, 263 (N.Y. App. Div. 1989) (holding that oral agreements relating to a partnership or joint venture "to deal in real property are not

3

rendered void by the Statute of Frauds."). The cases cited by the Care Parties – *Holland v. Ryan*, 762 N.Y.S.2d 740 (N.Y. App. Div. 2003), and *Bowman v. DiPlacidi*, 811 N.Y.S.2d 638 (N.Y. App. Div. 2006) – are inapplicable, because both deal with purported contracts for the sale of parcels of real property, and not to transfers of partnership interests.[1] The agreement between Mr. Saada and Mr. Gorman reflected in the EIPA is a contract for the sale of equity interests in limited partnerships—not an agreement for the sale of interests in real property. The Statute of Frauds is thus inapplicable, and the proposed amended counterclaim states a claim for relief.

### B. Cambridge's Amended Counterclaim States a Claim for Breach of Contract.

In attempting to argue that the amended counterclaim is futile, the Care Parties resort to improperly arguing the merits of the case, raising issues more appropriate for resolution on a motion for summary judgment or at trial. Cambridge's amended counterclaim adequately pleads the required elements of a breach of contract claim and is therefore not futile. Analyzing these allegations in the light most favorable to Cambridge, as the law requires, the amended counterclaim clearly states a claim for relief.

Under New York law, to state a claim for breach of contract a plaintiff must allege "the existence of a contract, a breach of that contract, and damages resulting from the breach." *Kaliner* v. *Mt. Vernon Monetary Mgmt. Corp.*, No. 07 Civ. 4643, 2008 WL

---

[1] Similarly, under Texas law, the Statute of Frauds is inapplicable to the sale of equity interests in limited partnerships as contemplated by the EIPA. The Statute of Frauds does not preclude the formation of an oral contract relating to partnerships or joint ventures. *Palmer* v. *Fuqua*, 641 F.2d 1146, 1159 (5th Cir. 1981) (observing that "[o]ne large class of cases in which the statute [of frauds] is held not to apply consists of contracts of partnership or of joint adventure, the subject matter of which is land.")

4127767, at *2 (S.D.N.Y. Sept. 3, 2008) (citing *Nat'l Mkt. Share, Inc.* v. *Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004)).[2] Cambridge's amended counterclaim pleads—with specificity and detail—all the elements of a prima facie case of breach of contract.

Cambridge sufficiently alleges in its amended counterclaim that a contract existed for the sale of equity interests in limited partnerships. Under New York law, the existence of an enforceable contract requires mutual assent to the essential terms and conditions of the agreement. *See Muhlstock* v. *Cole*, 666 N.Y.S.2d 116 (N.Y. App. Div. 1997) (finding an enforceable oral contract for the merger of two businesses where the parties had a definite agreement on profit-sharing and management, even where the duration of the agreement was unspecified).[3] The amended counterclaim alleges that in an October 12th conversation, Mr. Saada and Mr. Gorman verified their agreement to complete the transaction based on all the material terms in the EIPA. Defs. Am. Countercls. ¶ 53. The complaint further alleges, as reflected in the EIPA, that Cambridge agreed to a cash payment of $20 million, in exchange for the conveyance of the Care Parties' equity interests in limited partnerships. *Id.* at ¶ 56. This agreement was breached when the Care Parties refused to transact the mutually agreed upon EIPA, causing Cambridge to suffer damages and irreparable harm. *Id.* at ¶¶ 152, 153.

Having sufficiently pled all the elements for breach of contact, Cambridge has satisfied the requirements of Rule 8(a), stated a claim to relief that is plausible on its face, and met the standard to avoid dismissal under Rule 12 (b)(6). *See Twombly,* 550 U.S. at

---

[2] Similarly, under Texas law, to state a claim for breach of contract, a plaintiff must show the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co.* v. *Kalama*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.).

570. Even were the Court to reach the merits of that claim, it is clear that the Care Parties have set forth a version of history which lacks context and ignores key events and conversations.

The Care Parties argue that an October 12 email between Mr. Saada and Mr. Gorman demonstrates that the parties had not reached agreement. They further argue that two subsequent emails are evidence that no agreement had been reached. This is simply not the case. Messrs. Saada and Gorman had agreed on all material terms, and subsequent e-mails reflect that only minor details remained to be resolved.

The Care Parties argue that "threshold issues" were unresolved at this point, including consideration, proration, and "mutual releases, consents and general concepts." A close look at the allegations outlined in the proposed counterclaim makes clear that the Care Parties mischaracterize the *de minimis* nature of the issues remaining as of October 12. But ultimately that is not the question to be resolved on this motion. Cambridge has set forth allegations that clearly state a claim for specific performance. The Care Parties dispute the facts and the way that Cambridge has characterized those facts. That is precisely the type of dispute that requires a full factual record to resolve. The dispute framed in the papers that the parties have filed in connection with this motion reflect a dispute that cries out for additional factual development and resolution on motion for summary judgment or at trial.

---

[3] Likewise, under Texas law, the existence of an enforceable contract requires only that its essential terms are sufficiently detailed for a court to determine the obligations of the parties. *See Sadeghi* v. *Gang*, 270 S.W.3d 773, 777 (Tex. App. – Dallas 2008, no pet.).

## II. The Care Parties Have Failed to Establish That the Amendment Is Unjustifiably Delayed or Would Result in Undue Prejudice.

The Care Parties also make a series of arguments that the amended counterclaim is unjustifiably delayed and would result in undue prejudice. These arguments lack any basis in law or fact.

First, the Care Parties argue that Cambridge's new counterclaim is the result of "inexplicable delay." That is simply not the case. A court will find undue delay where it would be required to "try the case on various theories seriatim, or if the delay presents the possibility of serious prejudice to the opponent." *Dussouy* v. *Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981). Courts in this district have held that where "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Xtria* v. *Int'l Ins. Alliance Inc.,* No. 3:09-cv-2228-D, 2010 WL 1644895, at *1 (N.D. Tex. Apr. 22, 2010).

Cambridge filed its motion for leave to amend on May 28, 2010, three weeks before the June 21, 2010 court deadline to file motions for leave to amend the pleadings. Cambridge's motion is thus presumed timely. After filing its initial answer and counterclaims, counsel for Cambridge conducted additional investigation and determined that the parties had reached a legally binding agreement on October 12, 2009, which was subsequently breached by the Care Parties. *Cf. Wimm* v. *Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir.1993) (holding that denial of leave to amend was proper when the facts underlying the new claim were known 20 months prior to filing the action and leave to amend was sought nine months later, after the defendant sought summary judgment).

Second, the Care Parties contend that the proposed new counterclaim would "require additional discovery of facts pertaining to the supposed negotiation over the

7

EIPA," and result in undue prejudice. Pl. Opp. at 8. Again, this argument is utterly without merit. Courts have found undue prejudice only where "the amendment varies so greatly from the original pleadings that it deprives the nonmovant of adequate notice, or when a 'new theory necessitate[s] reiteration of discovery proceedings [.]'" *Cole* v. *Ridge*, No. 3:03-cv-3079, 2004 WL 2237028, at *3 (N.D. Tex. Oct. 4, 2004) (quoting *Dussouy,* 660 F.2d at 599).

To date, only minimal discovery has taken place and only a single deposition has been noticed. The Scheduling Order in this case provides a fact discovery deadline of December 8, 2010—nearly five and a half months away. At this stage in the litigation, no undue prejudice exists by allowing the amended counterclaim. *Compare Young* v. *Vannerson,* 612 F. Supp. 2d 829, 833 (S.D. Tex. 2009) (undue prejudice not present where limited discovery had been conducted), *with Smith* v. *EMC Corp.*, 393 F.3d 590 (5th Cir. 2004) (finding undue prejudice where amendment was filed on the second to last day of trial and both parties would have to reopen discovery and prepare additional theories of the case.). Further, the current discovery requests already cover the negotiations surrounding the EIPA, including the draft agreements and the October 12 conference call in which the agreement was verified.[4]

---

[4] *See* Def. Document Request 26 ("All documents relating to any discussions or negotiations between any of the Counterclaim Plaintiffs and any of the Counterclaim and Third Party Defendants regarding the potential purchase by any of the Counterclaim Plaintiffs of Care or any of Care's assets, including but not limited to the potential purchase of the Partnership Interests."); Pl. Document Request 14 ("All documents that relate to any actual or contemplated business dealings or transactions between the Saada Parties and the Care Parties."); Pl. Document Request 49 ("All documents that relate to any negotiations or discussions relating to a purchase by the Saada Parties of the Care Parties' ownership interest in any of the [Partnerships]."). Cambridge does not believe additional discovery requests will be required to litigate the additional claim. Further, there is no dilatory motive. Cambridge is not asking for an extension of any deadline in the scheduling order as a result of this additional claim.

Third, the Care Parties argue that because the EIPA contains a provision terminating the December 2007 agreements, all of Cambridge's initial counterclaims would be rendered moot should the Court find in Cambridge's favor on the amended breach of contract claim. This is simply incorrect. Cambridge's proposed counterclaim covers only the time period after the Care Parties breached the EIPA. By that time, Cambridge's initial counterclaims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of the covenant of good faith and fair dealing, aiding and abetting breach of convent of good faith and fair dealing, and fraudulent inducement had already ripened. Defs. Am. Countercls. ¶¶ 78-109. Those initial counterclaims are based on conduct that has already occurred; they cannot be extinguished by subsequent events, including a ruling in Cambridge's favor on the amended counterclaim.

Finally, the Care Parties suggest that Cambridge is improperly making arguments in the alternative. Even if the Court were to find the claims to be inconsistent, which is not the case, the Federal Rules specifically allow a party to plead in the alternative. *See* Fed. R. Civ. P. 8(d)(2). "Thus, a party is allowed to plead such alternative claims even if the theories underlying the claims are inconsistent with each other." *Agri-Plastics, Inc.* v. *Hog Slat, Inc.,* No. 3:09-cv-1271-B, 2010 WL 711811, at *6 (N.D. Tex. Feb. 26, 2010).

It is worth noting that, although they protest greatly the prejudice and delay that they would suffer if the Court granted Cambridge leave to amend, the Care Parties have recently turned around and filed their own motion for leave to amend their complaint. The Care Parties have proposed an additional claim that relates to Cambridge's cooperation with a June 2010 S.E.C. requested audit of four financial statements. In contrast to Cambridge's amended counterclaim, the Care Parties' proposed amended

9

claim is based on an entirely separate and distinct set of facts from the original complaint, and would require new and unrelated discovery. Yet, even though Cambridge believes that the claim they wish to add is meritless, Cambridge has not opposed its filing. The point is simply that in both cases – the motion for leave to amend filed by the Care Parties as well as Cambridge's motion – there is a presumption in favor of allowing amendment absent a substantial reason. No such reason exists in either case.

## CONCLUSION

For the reasons set forth above, Cambridge's motion for leave to amend its Answer, Counterclaims and Third Party Complaint should be granted.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By:   */s/ Robert M. Cohan*
      Robert M. Cohan
      Texas Bar No. 04506600
      Email: bcohan@jw.com
      William D. Ellerman
      Texas Bar No. 24007151
      Email: wellerman@jw.com
      901 Main Street, Suite 6000
      Dallas, Texas 75202
      Telephone: (214) 953-6000
      Facsimile:  (214) 953-5822

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _/s/ Richard A. Rosen_
    Richard A. Rosen
    E-mail: rrosen@paulweiss.com
    James L. Brochin
    E-mail: jbrochin@paulweiss.com
    1285 Avenue of the Americas
    New York, New York 10019-6064
    Telephone: (212) 373-3000
    Facsimile:  (212) 757-3990

*Attorneys for Defendants and Counterclaim Plaintiffs Jean-Claude Saada, Cambridge Onalp Inc., Cambridge Nassau Bay GP LLC, 6000 Greenville Inc., Allen MOB Inc., 5280 Medical Drive Inc., Cambridge Gorbutt MOB Inc., Cambridge Tarrant Inc., CHMP Manager LLC, Cambridge B/R Inc., Cambridge-Greenville Dallas LLC, PMC Cambridge of Plano Ltd., Cambridge Crown Atrium LLC and Cambridge North Texas Holdings LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of July, 2010, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Courts.  I hereby certify that I have served all counsel of record electronically as authorized by Federal Rules of Civil Procedure 5(b)(2).

    _/s/ Robert M. Cohan_
    Robert M. Cohan